**E-FILED**
Friday, 03 March, 2006  04:03:17 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| ROBERT O. IDAHOSA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-1005 |
| | ) | |
| NORD CLEANING SERVICES, INC. et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is a Motion to Strike and Dismiss by Defendants Curt Nord, Linda Sears, and Nord Cleaning Services, Inc.  For the reasons that follow, Defendants' Motion to Strike and Dismiss [#10] is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

The following facts are taken primarily from Plaintiff's Complaint and his Response to Defendants' Motion to Dismiss.  Plaintiff Robert O. Idahosa ("Idahosa") filed a Complaint against Curt Nord ("Curt"), the president and owner of Nord Cleaning Services, Inc., Linda Sears ("Sears"), the business manager for Nord Cleaning Services, Inc., and Nord Cleaning Services, Inc. ("Nord").  Idahosa was employed by Nord from January, 2001 to until September, 2004. Idahosa has brought this lawsuit claiming that Curt, Sears, and Nord (collectively "Defendants") discriminated against him in violation of Title VII, the American with Disabilities Act ("ADA"), and the Illinois Human Rights Act.  Idahosa claims that Defendants denied him raises, promotions, insurance benefits, and mileage reimbursement because he is African-American. Additionally, Idahosa claims that Defendants refused to offer him reasonable accommodations for his disability and that he was constructively discharged because of his disability in violation

of the ADA.  Idahosa seeks back pay, costs of bringing this lawsuit, restoration of lost benefits,

compensation for future monetary lossess, and compensation for mental anguish and pain and

suffering.   Idahosa also asks this Court to order injunctive relief, punitive damages, and

restitution in the amount of $5,000,000.

The Defendants have filed a Motion to Strike and Dismiss portions of Idahosa's

Complaint.  Specifically, Defendants ask this Court to dismiss the claims against Curt and Sears

because these two individuals were not named as respondents in the charge that Idahosa filed

with the Equal Employment Opportunity Commission ("EEOC") and they do not qualify as

employers under Title VII or the ADA.   Additionally, Defendants ask this Court to dismiss

Idahosa's claim of discrimination on the basis that he was denied promotions because Idahosa

did not include this claim in his EEOC charge.   Finally, Defendants ask this Court to strike

Idahosa's requests for punitive damages and compensatory damages.

Idahosa filed a timely response to Defendants' motion.  As these issues are now fully

briefed, this Order follows.

**DISCUSSION**

**A.      Motion to Dismiss**

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and

must draw all inferences in favor of the non-moving party.  *Bontkowski v. First Nat'l Bank of

Cicero,* 998 F.2d 459, 461 (7th Cir. 1993).  In ruling on a motion to dismiss, Courts consider

whether relief is possible under any set of facts that could be established consistent with the

allegations in the complaint.  *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).  This Court will

dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief.

*Chaney v. Suburban Bus. Div*., 52 F.3d 623, 627 (7th Cir. 1995);  *Venture Associates. Corp. v.*

*Zenith Data Sys. Corp*., 987 F.2d 429, 432 (7th Cir. 1993).

Defendants argue that this Court should dismiss Idahosa's claims against Curt and Sears

because they were not named as respondents in Idahosa's EEOC charge.  Generally, a party not

named in an EEOC charge may not be sued under Title VII.  *Schnellbaecher v. Baskin Clothing*

*Co*., 887 F.2d 124, 126 (7th Cir. 1989).  However, a party that is not named in the EEOC charge

may be sued where the unnamed party received adequate notice of the charge and was provided

with an opportunity to participate in the conciliation proceedings.  *Id.* at 126–27.  Here, Idahosa

only named Nord in his EEOC charge.  Although Curt and Sears may not have had notice of the

charge or an opportunity to participate in the conciliation proceeding, they have not claimed as

such in their Motion to Dismiss.  Instead, Curt and Sears merely rely on the general rule that a

cause of action pursuant to Title VII may only be brought against a person who was named as a

respondent in the EEOC charge.  Defendants simply fail to acknowledge the exception that the

Seventh Circuit has recognized for individuals who were not named in the charge but had notice

and an opportunity to participate in the conciliation process.  The Court finds that Curt and Sears

may have had notice of the EEOC charge and an opportunity to participate in the conciliation

process because they both occupied managerial positions with Nord.  Additionally, Curt and

Sears have not stated otherwise in their motion.  Drawing all inferences in Idahosa's favor, the

Court finds that Curt and Sears may have had notice and an opportunity to participate in the

conciliation process.  Accordingly, the Court denies Defendants' Motion to Dismiss Curt and

Sears on this basis.

Defendants' second argument is that the claims against Curt and Sears should be

dismissed because Curt and Sears do not qualify as employers under Title VII or the ADA.

3

Defendants argue that Curt and Sears are not "employers" because they are individuals and did not employ Idahosa in their personal capacities. The Seventh Circuit has held that the term "employer" is interchangeable for claims based on Title VII and the ADA, *Williams v. Banning*, 72 F.3d 552, 553–54 (7th Cir. 1995), and only an "employer" can be held liable for violations of Title VII or the ADA. *EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279–832. Here, Idahosa appears to argue that Curt and Sears should be held liable in their individual capacities because they were involved in the hiring, managing, and firing of employees. However, as the Seventh Circuit has held "it is by now well established in this court that 'a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.'" *Sattar v. Motorola*, 138 F.3d 1164, 1168 (7th Cir. 1998) (quoting *Williams*, 72 F.3d at 555). "[A] supervisor is not a proper defendant in Title VII, the suit must proceed against the employer as an entity rather than against a natural person." *Carver v. Sheriff of LaSalle County, Illinois,* 243 F.3d 379, 381 (7th Cir. 2001); *Robinson v. Sappington*, 351 F.3d 317, 332, n. 9 (7th Cir. 2003) ("It is only the employee's employer who may be held liable under Title VII."). Accordingly, the claims against Curt and Sears must be dismissed.

Finally, Defendants ask the Court to dismiss Idahosa's claim that he was discriminated against because the Defendants denied him a promotion based on his race. Defendants argue that this claim should be dismissed because this allegation was not included in Idahosa's EEOC charge and therefore Defendants did not have notice of this claim or the opportunity to settle this dispute through voluntary conciliation. Generally, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. W. & So. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). This rule ensures that the employer has notice of the charges against him and has an opportunity to avail itself of the conciliation procedures provided by the EEOC.

4

*Id.* This rule is not jurisdictional but rather is a condition precedent with which a Title VII plaintiff must comply. *Id.* Nevertheless, because most EEOC charges are completed by laypersons, a Title VII plaintiff does not need to include each and every fact that forms the basis of his complaint in his EEOC charge. *Id.* The Seventh Circuit has held that all Title VII claims set forth in a complaint are cognizable as long as they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (citations omitted). Therefore, this test is satisfied "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.*

In the instant case, the only claim that was not included in Idahosa's EEOC charge is his claim that Defendants discriminated against him when they failed to give him a promotion that they gave to a similarly situated white employee. Idahosa argues that his "promotion" claim should not be dismissed because it was the EEOC investigator who brought to Idahosa's attention that a white individual was promoted and paid more than Idahosa for performing the same work. Although a true "failure to promote because of race" claim would probably not be reasonably related to the charges in Idahosa's EEOC charge, Idahosa's actual claim seems to be that a white individual was being paid more than he was for performing the same job functions. In his Response to Defendants' Motion to Dismiss, he states in his own words:

> The EEOC letter of right to sue and letter of determination emphasized that and even instruct plaintiff to include other claim which was not originally included in the initial complaint in his complaint in his private action. During the course of investigation the EEOC investigator brought to plaintiff attention that she obtain evidence which seem to suggest that Mr. John Forhnam a white Caucasian who job duties was identical to plaintiff who was promoted from Floor Technician to area Supervisor. He was given raise and promoted paid more and subsequently created false job description in attempt to justify why he was paid more than Plaintiff, even though the newly created job description was identical to the job the plaintiff was doing.

(Pl.'s Resp., Feb. 27, 2006, at 8.)  Therefore, although Idahosa's Complaint alleges that he was discriminated against because he was not given a promotion, it appears from his Response to Defendants' Motion to Dismiss that his claim is actually that a white individual was paid more than he was for doing the same work.  If so, this claim apparently was included in his EEOC charge because Idahosa included claims that he was denied raises based on his race in his EEOC charge.  Accordingly, to the extent that Idahosa is claiming that Defendants denied him a promotion, Defendants' Motion to Dismiss is granted because the failure to promote claim was outside the scope of his EEOC charge.  However, to the extent that Idahosa is claiming that he was discriminated against because he was not given salary increases similar to other white employees, Defendants' Motion is denied because that claim was initially included in his EEOC charge.

**B.     Motion to Strike**

      **1.     Title VII**

            **a.     Punitive Damages**

Defendants argue that Idahosa's claim for punitive damages under Title VII should be stricken because he has not alleged facts to show that Defendants have engaged in a discriminatory practice with malice or reckless indifference to his rights.  Punitive damages are permitted in Title VII cases where the plaintiff can "prove that the defendant employer engaged in the discriminatory practice 'with malice or with reckless indifference to the federally protected rights' of the employee."  *Emmel v. Coca-Cola Bottling Company*, 95 F.3d 627, 636 (7th Cir. 1996).  Interestingly, Defendants cite the *Emmel* case as support for their argument that a plaintiff must go beyond proving the underlying unlawful discrimination in order to be awarded punitive damages.  However, the procedural posture of the *Emmel* case and the instant case

demonstrate that *Emmel* is not applicable at this stage of the litigation.  *Emmel* was an appellate

review of a jury verdict awarding the plaintiff punitive damages.  95 F.3d at 636–37.  The instant

case is merely in the pleading stages and at this stage Idahosa only has to allege facts sufficient

to form the basis of his claim.  In his Complaint, he alleges that Defendants discriminated against

him based on his race.  Without further discovery, the Court is unable to ascertain whether this

alleged discrimination was malicious or reckless.  Accordingly, in drawing all inferences in

Idahosa's favor, the Court finds that it would be premature to strike his claim for punitive

damages on his Title VII claim at this early stage of the litigation.

> b. **Compensatory Damages**

Defendants also argue that the Court strike Idahosa's request for compensatory damages

because his pleadings lack the specificity required to support a claim for compensatory damages.

However, the Court finds that Idahosa's allegations satisfy the liberal pleading requirements of

Rule 8(a) of the Federal Rules of Civil Procedure.  Idahosa's Complaint states that he was

employed by Nord.  During his employment, Defendants denied him raises, promotions,

insurances benefits, medical leave, and mileage reimbursement that it offered other non-African

American employees.  These statements, combined with the fact that Idahosa is proceeding *pro

se* compel the Court to find that that this "short and plain statement of the claim" is sufficient to

show that Idahosa could possibly be entitled to damages under Title VII.  Accordingly,

Defendants' Motion to Strike Idahosa's Title VII claim for compensatory damages is denied.

> 2. **ADA**

Defendants argue that Idahosa's claim for punitive and compensatory damages should be

stricken because punitive and compensatory damages are not permitted under the ADA.  To the

extent that Idahosa is claiming that he was discharged in retaliation for asserting his rights under

7

the ADA, Defendants are correct.  "Compensatory and punitive damages are not available to a plaintiff bringing a claim of retaliation by an employer under the ADA."  *Kramer v. Banc of America Securities, LLC.,* 355 F.3d 961, 968 (7th Cir. 2004).  Accordingly, Idahosa's claim for compensatory and punitive damages arising out of his retaliatory discharge claim under the ADA are stricken.

However, to the extent that Idahosa is claiming that he is entitled to damages under the ADA because Defendants refused to offer him reasonable accommodations for his alleged disability, the Court finds that Idahosa may be able to prove that he is entitled to compensatory and punitive damages.  Title 42 U.S.C. §1981a(a)(2) permits an individual who can prove that their employer violated the ADA by failing to offer the employee reasonable accommodations to recover compensatory and punitive damages.  *See Kramer,* 355 F.3d 965 (citing 42 U.S.C. § 1981a(a)(2)).  Accordingly, to the extent that Idahosa is claiming that Defendants discriminated against him by failing to provide him with reasonable accommodations, the motion to strike his prayer for punitive and compensatory damages is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike and Dismiss [#10] is GRANTED IN PART and DENIED IN PART.

Entered this 3rd day of March, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge