E-FILED
Thursday, 03 May, 2007  01:16:28 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

ROBERT O. IDAHOSA          )
                              )
          Plaintiff,      )
                              )
   v.                   )       Case No. 06-1005
                              )
NORD CLEANING SERVICE, INC, et al., )
                              )
          Defendants.     )

### ORDER

Now before the Court is Defendant's Motion to Strike Plaintiff's First Request to Admit Facts [#33]. For the reasons set forth below, the Motion is GRANTED.

On February 28, 2007, two months after the close of discovery in this case, Defendant Nord Cleaning Service ("Nord") filed a Motion for Summary Judgment. Plaintiff Robert Idahosa's ("Idahosa") response to the Motion for Summary Judgment was to be filed no later than March 26. On March 15, Idahosa filed a Motion to Compel, seeking an order compelling Nord to completely respond to Idahosa's Request for Production of Documents, Idahosa's First and Second sets of Interrogatories, and Idahosa's Request for Admission of Facts. Idahosa's Motion to Compel also sought "leave to supplement discovery request." On March 30, Nord filed a Response to Idahosa's Motion to Compel and the instant Motion to Strike.

On April 5, 2007, before issuing any ruling on the discovery matters, the Court entered an Order granting Nord's Motion for Summary Judgment, finding that because Idahosa had failed to file a response to the Motion for Summary Judgment, Nord's arguments were deemed

uncontested and entitled Nord to judgment as a matter of law.  Judgment in the case was entered on April 9.

On April 16, Idahosa filed a Motion requesting the Court to reconsider its ruling on Nord's Motion for Summary Judgment and seeking leave to file responses to the Motion for Summary Judgment and the Motion to Strike.  By Order dated April 20, 2007, the Court denied Idahosa's Motion to Compel and granted, in part, his Motion to Reconsider.  The Summary Judgment Order was vacated, and the case was re-opened.  Idahosa was accordingly allotted additional time to file a Response to the Motion to Strike, with the Court to set a new briefing schedule for the Summary Judgment Motion upon the Court's resolution of the Motion to Strike.

Nord represents in its Motion to Strike that the first time it received Idahosa's Request to Admit Facts was as an attachment to Idahosa's Motion to Compel, filed March 15, 2007.  Nord objects to this discovery request because, under the parties' Agreed Scheduling Plan, the parties had until October 31, 2006, to complete fact discovery, with all discovery to close December 29, 2006.  As Nord already moved for Summary Judgment on February 28, 2007, it argues that it would be prejudiced if it were required to respond to the Request to Admit Facts.

In his Response to the Motion to Strike, Idahosa states that Nord also failed to comply with the scheduled plan and the Magistrate Judge's September 1, 2006, ruling that all outstanding disclosures be exchanged by September 15.  Idahosa also argues that the only reason he was so delayed in serving his Requests to Admit was because Nord delayed in responding to Idahosa's other requests and was not fully forthcoming, stating "[i]f defendant had diligently complied the scheduled plans the court order of September 1, 2006, Plaintiff would have had enough time and opportunity to ask for admission of facts in a timely manner and within the scheduled plans."  Resp. Mtn. to Strike, at 2.

Even if the Court were to accept as true Idahosa's representations regarding Nord's conduct, the Court cannot find that it is appropriate to require Nord to respond to additional discovery requests at this point in the proceedings. The deadline for fact discovery passed October 31, 2006. The deadline for the filing of dispositive motions passed on February 28, 2007, and a Motion for Summary Judgment is pending in this case. If Idahosa was displeased with the timeframe or manner in which Nord responded to his previous discovery requests, the discovery process provides him with proper remedies – *timely filed* objections or motions to compel. While Idahosa is a pro se plaintiff, he is an experienced federal litigator, having prosecuted five cases in this District alone, and is certainly familiar with the Federal Rules of Civil Procedure and Local Rules. For whatever reason, Idahosa declined to timely pursue the remedies available to him, and the Court will not now halt the progress of this case so that he may conduct additional discovery.

In conclusion, Nord's Motion to Strike Idahosa's First Request to Admit Facts [#33] is GRANTED. Idahosa is granted 21 days from the date of this Order to file his Response to Nord's Motion for Summary Judgment, in accordance with Local Rule 7.1(D). Nord's Reply shall be due 14 days thereafter.

ENTERED this 3rd day of May, 2007.

   s/Michael M. Mihm

Michael M. Mihm
United States District Judge

3