**E-FILED**
Monday, 07 July, 2008  08:57:52 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT O. IDAHOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1005 |
| | ) | |
| NORD CLEANING SERVICES INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendant Nord Cleaning Services Incorporated's Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Motion to Strike Plaintiff Robert O. Idahosa's Amended Complaint.  For the reasons set forth below, the Motion to Dismiss and Motion to Strike [#51] is GRANTED IN PART AND DENIED IN PART.

### BACKGROUND

In January 2006, Plaintiff Robert O. Idahosa filed a Complaint against Curt Nord, the president and owner of Nord Cleaning Services, Inc. (Nord Cleaning), Linda Sears, the business manager for Nord Cleaning, and Nord Cleaning.  Nord Cleaning employed Idahosa from January 2001 to September 2004.  Idahosa's Complaint alleges that Nord, Sears, and Nord Cleaning (collectively, the Defendants) discriminated against him in violation of Title VII, the American with Disabilities Act (ADA), and the Illinois Human Rights Act.  The Complaint alleges that the Defendants denied him raises, promotions, insurance benefits, and mileage reimbursement because he is an African-American.

Additionally, the Complaint alleges that the Defendants refused to offer him reasonable accommodations for his disability, and that he was constructively discharged because of his disability in violation of the ADA.

On February 7, 2006, the Defendants filed a Motion to Strike and Dismiss portions of the Complaint.  On March 3, 2006, the Court granted in part that Motion.  Specifically, the Court dismissed Nord and Sears because they are not "employers" as defined by Title VII and the ADA, and the Court struck Idahosa's claim for compensatory and punitive damages arising out of his retaliatory discharge claim under the ADA.

On February 28, 2007, Nord Cleaning filed a Motion for Summary Judgment arguing that it was entitled to judgment as a matter of law on all claims raised by Idahosa.  The Court granted in part that Motion.  Specifically, the Court inferred that Idahosa pursued his Title VII claim under only the *McDonnell Douglas* indirect method of proof because the pleadings lacked legal authority and structure that clearly set out which method of proof under which he was proceeding.  The Court found that he failed to establish a prima facie case under that method of proof because he failed to establish that he was treated less favorably than similarly-situated employees not in the protected class.  Regarding the ADA claim, the Court found that Idahosa established a prima facie case of discrimination, and Nord Cleaning failed to establish the absence of a genuine issue of material fact with respect to Idahosa's failure-to-accommodate claim.

On February 26, 2008, Idahosa filed a Motion to Reconsider and Clarification of Order on Summary Judgment.  In that Motion, Idahosa sought clarification of a claim pursuant to the Families and Medical Leave Act of 1993 (FMLA), which he argued is intertwined with his ADA claim.  Idahosa contended that this claim can be asserted

against Nord and Sears individually because they meet the FMLA definition of employers. Additionally, Idahosa argued that the Court erred in granting summary judgment on the Title VII claim because he produced evidence that Nord used the term "nigger" when referring to Idahosa, which gives rise to an inference of discriminatory actions and would allow Idahosa to proceed under the direct method of proof at the summary judgment stage. Nord Cleaning responded arguing that Idahosa was untimely in asserting the FMLA claim, and that Idahosa lacks a viable claim under the FMLA. Additionally, Nord Cleaning sought reconsideration of the denial of summary judgment on the ADA claim arguing that Idahosa could not perform his job function even with a reasonable accommodation.

After holding a hearing regarding the Motion to Reconsider on March 12, 2008, the Court found that Idahosa arguably raised the FMLA earlier in the case even though the merits of that claim were not presented to the Court, and the Court never addressed that claim. In Idahosa's Complaint, he stated, "Respondent also denied me medical leave needed due to my disability, but allow white area supervisors to take leave," and he filed an exhibit purportedly asserting a claim that arises under the FMLA. Idahosa also referenced the FMLA in his Response to the Motion for Summary Judgment. After carefully considering the interests of justice and the liberal pleading requirements, the Court found that Idahosa could pursue this claim by filing an Amended Complaint. However, the Court found that Idahosa could not pursue claims against Nord and Sears individually because Idahosa failed to raise this issue in the twenty-three months between their dismissal from the case and his Motion to Reconsider. The Court vacated its Order on the Motion for Summary Judgment to the extent that it granted

summary judgment on the Title VII claim.  The Court found that Idahosa raised the issue of Nord's use of the term "nigger," albeit confusedly, in his Response to the Motion for Summary Judgment, and that the Title VII claim should have been analyzed under the direct and indirect methods of proof.  The Court allowed Nord Cleaning time to conduct additional discovery with respect to this issue.  Finally, the Court rejected Nord Cleaning's request for reconsideration of the Court's Order regarding the ADA claim because the Court previously addressed and rejected its argument.

On April 2, 2008, Idahosa filed a First Amended Complaint pursuant to the Court's March 12 Order.  On April 25, Nord Cleaning filed a Motion to Dismiss and Motion to Strike portions of that First Amended Complaint.  The matter now is fully briefed, and this Order follows.

## DISCUSSION

To state a claim under federal notice pleading standards, the Complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In ruling on a motion to dismiss, this Court considers whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).  This Court considers all well-pleaded facts as true and must draw all inferences in favor of the non-moving party.  *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).  This Court will dismiss a claim if the plaintiff fails to provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative,

that he is entitled to relief."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (*quoting Twombly*, 127 S. Ct. at 1964).

**A.      Motion to Dismiss FMLA Claim**

Nord Cleaning argues that Idahosa cannot establish a cause of action under the FMLA because Idahosa has not sought to return to work and is not able to do so.  The Court notes that it previously rejected a similar argument in Nord Cleaning's Motion for Summary Judgment regarding the ADA claim.  Idahosa alleges a violation of the FMLA that is more than speculative because his claim is not that he was prevented from returning to work but that he was refused FMLA leave prior to him terminating his employment.  Accordingly, dismissal of this claim without further fact development is inappropriate.

**B.      Motion to Dismiss the ADA Claim**

Nord Cleaning reasserts its arguments set forth in its Motion for Summary Judgment in support of its Motion to Dismiss this claim.  Because the Court previously rejected these arguments, it is inappropriate to dismiss this claim.

**C.      Motion to Strike Portions of FMLA Claim**

The Court notes that Idahosa's First Amended Complaint appears to assert a FMLA claim against Nord and Sears individually.  The Court previously found that Idahosa may not assert those individual claims because of the time that has elapsed since Nord and Sears were dismissed from the case.

To the extent that Idahosa asserts claims against Nord and Sears individually, the Court strikes those claims.

**D.      Motion to Strike Portions of Title VII Claim**

Idahosa's original Complaint alleges discrimination on the basis of race in violation of Title VII, and Idahosa alleges that Nord Cleaning denied him raises, promotion, insurance benefits, medical leave, and mileage that were provided to white employees.  Idahosa's First Amended Complaint alleges hostile work environment, lack of hiring and retention of African-American employees, failure to promote African-Americans and Hispanics, underutilization of African-Americans, occupational segregation, making employment decisions based on race, color, and national origin, and sexual harassment.  For some of these claims, Idahosa seems to allege that Title VII violations affected a class of potential plaintiffs.

The Court notes that in the March 12 hearing, the Court vacated its grant of summary judgment to Nord Cleaning on the Title VII claim to allow Idahosa to present evidence under the direct method of proof, and it allowed Nord Cleaning additional time for discovery regarding the allegations of racial slurs.  When the Court vacated its grant of summary judgment, it did not grant Idahosa leave to amend his Complaint adding a variety of new claims against Nord Cleaning.  The Court also did not grant Idahosa leave to make this case a class action on behalf of other allegedly aggrieved employees.  Accordingly, the Court strikes the following paragraphs because they are beyond the scope of the original Complaint, and the Court did not grant leave to amend to the extent stated in the First Amended Complaint: 9(a), 9(c), 9(d), 9(i), 9(k), 9(n), 9(q), 9(r), 9(s), 11, 13, 14, 15, 16, 17, 18, 19, 20, 30, and 56.  The Court strikes the following paragraphs to the extent that Idahosa asserts claims on behalf of anyone other than himself: 9(b), 9(f), 9(g), and 22.

Incorporated in his Title VII claim, Idahosa seems to assert a claim pursuant to the Privacy Act because Nord Cleaning allegedly commingled his medical and personnel records.  In the March 12 hearing, after Idahosa was provided the opportunity to state all claims that he had against Nord Cleaning, this claim was neither presented to the Court nor allowed by the Court.  Accordingly, the Court strikes this claim from the Amended Complaint.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss and Motion to Strike [#51] is GRANTED IN PART AND DENIED IN PART.  The Court vacates its Scheduling Order on March 12, 2008, and sets the following deadlines: (1) Discovery deadline regarding FMLA claim and evidence concerning racial slurs now is August 8, 2008; and (2) Dispositive Motions are to be filed on or before August 22, 2008.  The Court shall schedule the Final Pretrial Hearing and Trial dates at a later date.  This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 7th day of July, 2008.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge